UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGANN
SOUTHERN DIVISION

CROSSROADS OUTDOOR LLC,

      Plaintiff,

v.

HOWELL TOWNSHIP and
JOE DAUS,

      Defendants.
_____/

Case No. 2:18-cv-13133

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING DEFENDANT JOE DAUS'S MOTION TO DISMISS [20]**

On January 18, 2019, Plaintiff Crossroads Outdoor, LLC filed an amended complaint alleging that Defendants Howell Township ("Township") and Joe Daus ("Daus") violated its First, Fifth, and Fourteenth Amendment rights. ECF 17. On January 29, 2019, Daus filed a motion to dismiss. ECF 20. After multiple stipulated extensions of the time to respond, Plaintiff filed its response. ECF 26. The Court has reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will grant Daus's motion to dismiss.

**BACKGROUND**[1]

Like many local governments, the Township enacted a zoning ordinance to regulate and control certain signage within its boundaries ("Ordinance"). ECF 17,

---

[1] Consistent with the standard of review of a motion to dismiss, the Court recites the facts in the light most favorable to the Plaintiff. The recitation does not constitute a finding of fact.

1

PgID 113. In January 2017, Plaintiff sought permission to install a billboard[2] at the American Legion Post 141 ("American Legion") in the Township. *Id.* Plaintiff emailed the application to Daus, the the Township's Zoning Administrator. *Id.* at 112–14. Daus forwarded the application to Paul Montagno, an outside planning consultant, and asked for his review. *Id.* at 120. Montagno advised that the sign application met "many of [the Ordinance's] requirements" but had two flaws: (1) it lacked critical "information about the sign's illumination," and (2) it proposed placing the billboard in the middle of a parking lot. *Id.* at 121–22.

Shortly thereafter, Daus sent a letter to Plaintiff's representative, Tony Lockridge, advising that the Township was denying the sign permit because "placement of the sign within the parking lot of an existing development is unacceptable[.]" *Id.* at 122. During a subsequent phone conversation, Daus responded that he did not want a billboard at the American Legion. *Id.* Daus believed that American Legion's only benefit to veterans was serving them beer. *Id.* at 126–27.

In response to Plaintiff's concern, Daus asked Montagno to clarify which portion of the Ordinance prohibited Plaintiff's American Legion application. *Id.* at 122. Montagno identified two sections of the Ordinance that prohibited Plaintiff's proposed billboard—one section involved a "principal use" limitation, which required property improvements to comply with a final site plan. *Id.* at 122–23. Then,

---

[2] Although Howell's Zoning Ordinance defines "billboard" and "sign" differently, the Court will use the terms interchangeably because Plaintiff asserts that its proposed advertisements "meet the definitions of a sign, billboard, off-premise sign, off-site sign, and outdoor advertising sign." ECF 17, PgID 118 (emphasis omitted).

Montagno and Lockridge communicated further about the sign application. *Id.* at 123–24. In March 2017, Plaintiff filed a revised application for a sign at American Legion. *Id.* at 124.

Two months later, American Legion representative Patrick Wright filed an application to revise its site plan to allow for Plaintiff's sign. *Id.* When Daus did not respond within three weeks, Plaintiff's representative Kyle Martin emailed him to check the status of the site plan application. *Id.* Daus responded that he had communicated with Wright who had not picked up particular documents. *Id.* Up to and including July 2017, Martin emailed with Daus about the site plan application. *Id.* at 124–26. Throughout the remainder of 2017 and into early 2018, Plaintiff and American Legion worked to amend the proposed site plan application. *Id.* at 127.

In October 2017, the Township published revised regulations. *Id.* On March 6, 2018, Plaintiff submitted an application for another sign in the Township on Parsons Road. *Id.* at 114. Then, On March 12, 2018, the Township passed a sign moratorium ("Moratorium") that prohibited "the location, erection, construction, or installation of any signs or billboards" for 120 days. *Id.* at 127. The Moratorium applied equally to all signs. *Id.* at 129.

During a March 2018 hearing on the site plan application, the Township's Planning Commission declined to proceed because of the Moratorium. *Id.* at 130. In July 2018, the Township extended the Moratorium another 120 days. *Id.* Plaintiff's sign applications have not been approved. *Id.*

**STANDARD OF REVIEW**

When analyzing a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual allegations, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citations omitted). To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). Plaintiff must allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

**DISCUSSION**

I. <u>Suit Against Daus in His Official Capacity</u>

Plaintiff sued Daus in his official capacity. ECF 17, PgID 112. Daus argues that the official-capacity suit is redundant because Plaintiff sued the Township. ECF 20, PgID 275–76. Plaintiff responds that it named Daus "in his official capacity only so he may respond" to Court orders and because the Court may "need to order Defendant Daus to undertake certain actions." ECF 26, PgID 311–12.

An official-capacity suit is "only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690 n.55 (1978)). Thus, "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Graham*, 473 U.S. at 167 n.14. When a complaint names both an official-capacity defendant and the entity of which the officer is an agent, the claims are "redundant." *Jackson v. Shelby Cty. Gov't*, No. 07-6356, 2008 WL 4915434, at *2 (6th Cir. Nov. 10, 2008). A court properly dismisses the official-capacity defendant when this redundancy exists. *See id.*; *see also Muslim Cmty. Ass'n of Ann Arbor & Vicinity v. Pittsfield Charter Twp.*, 947 F. Supp. 2d 752, 761–62 (E.D. Mich. 2013) (holding the same and collecting cases). Because Plaintiff sued the Township and Daus in his official capacity, the Court will dismiss the redundant claims against Daus.[3]

---

[3] Plaintiff cites several cases in support of maintaining the official-capacity suit against Daus. *See* ECF 26, PgID 312. The cases discuss the *Ex Parte Young* exception to Eleventh Amendment immunity for *state* official-capacity suits for purely injunctive relief. *See League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 474–75 (6th Cir. 2008); *see also* ECF 26, PgID 312 (citing *McNeilus Truck & Mfg., Inc. v. Ohio ex rel. Montgomery* and *Rossborough Mfg. Co. v. Timble*, which relied on *Ex Parte Young*). Plaintiff's argument improperly conflates states and municipalities and their respective officials. A party cannot sue a state for both damages and injunctive relief but can sue a municipality for both forms of relief. The difference between states and municipalities is essential here.

Plaintiff's argument that the official-capacity suit against Daus would ensure the Court can order him "to undertake certain actions" and that Daus can respond to Court orders is unavailing. Plaintiff sued Daus in his individual capacity as well, so Plaintiff overstates the need to maintain the official-capacity suit. *See, e.g., Muslim Cmty. Ass'n*, 947 F. Supp. 2d at 761 n.6.

5

II.   Suit Against Daus in His Individual Capacity

Plaintiff also sued Daus in his individual capacity. ECF 17, PgID 112. Plaintiff alleges that Daus's conduct violated the First, Fifth,[4] and Fourteenth Amendments. *Id.* at 134–40. Daus argues that Plaintiff failed to adequately plead its constitutional claims against him in his individual capacity. ECF 20, PgID 276–81. Plaintiff maintains that its pleadings sufficiently raise its right to relief above the speculative level. ECF 26, PgID 312–16. The Court addresses each constitutional claim in turn.

   A. *First Amendment Claim.*

There are two categories of government restrictions of speech: (1) content-based restrictions that treat speech differently based on the viewpoint or subject matter of the speech, or (2) content-neutral restrictions that focus on the way in which speech (regardless of subject matter) is communicated. *See, e.g., Reed v. Town of Gilbert*, —U.S.—, 135 S. Ct. 2218, 2226–29 (2015).

Here, Plaintiff claims that the Township implemented—and Daus enforced—a content-based regulatory scheme. *See, e.g.,* ECF 17, PgID 134 ("The Township . . . [maintains] a sign ordinance that allows for the continuing micromanagement of *content* that can be displayed on signs. Defendant [Township] has refused to get out of the *content-regulation* business.") (emphasis added), 135 (referencing the

---

[4] Plaintiff relies on the Fifth Amendment's Due Process Clause. *See* ECF 26, PgID 314 (citing the Fifth Amendment). The Fifth Amendment's due process protections apply only to the federal government. The Fourteenth Amendment's due process protections apply to the states (and thus local governmental units). The Court, therefore, will refer only to the Fourteenth Amendment because Plaintiff is not suing the federal government.

Township's treatment of immoral or offensive matter—i.e. the subject matter of signs), *id.* ("The applicable Township sign regulations are riddled with other *content-based provisions*, some of which favor *certain content*, others which restrict or ban disfavored *content*.") (emphasis added).

Plaintiff alleges that Daus violated its First Amendment[5] rights by failing to approve its application for a billboard at American Legion. Daus responded to Plaintiff's application and answered its questions about which of the Ordinance's sections the proposed sign violated. ECF 17, PgID 122–23. Daus also communicated with Plaintiff about American Legion's site plan application. *Id.* at 124–26. Daus admitted he did not want a billboard at American Legion and stated that American Legion's only purpose was to serve veterans beer. *Id.* at 122, 126–27, 135. Finally, Plaintiff maintains that Daus's "antipathy towards billboard signs is . . . unchecked" by the Ordinance and so he "has taken full advantage of the discretion afforded him under" the Ordinance and acted arbitrarily. *Id.* at 135–36.

But Plaintiff did not plead facts tending to show that Daus rejected its application because of the sign's *content*. Rather, Daus advised that he did not "want a billboard at the [American] Legion[.]" ECF 17, PgID 122. Thus, Daus disfavored Plaintiff's sign because of its *location*, not its *content*. Moreover, even if Daus's comment evinced an "antipathy towards billboard signs [that] . . . is unchecked," his

---

[5] The First Amendment's speech protections are applicable to the states (and thus municipal governments) through the Fourteenth Amendment. *See Reed*, 135 S. Ct. at 2226 (recognizing the First Amendment is "applicable to the States through the Fourteenth Amendment" and applying it to a municipal sign ordinance).

7

antipathy would relate to the *manner* in which a message is communicated and not to the *content* of Plaintiff's proposed sign. *Id.* at 136. But Plaintiff has pleaded a First Amendment claim for content-based speech regulation.

The other allegations against Daus are similarly unpersuasive. If Daus's "antipathy towards billboard signs" caused him to "act arbitrarily" when rejecting Plaintiff's application, that conduct would go to Plaintiff's due process rights and not its First Amendment rights. *Id.* Furthermore, Plaintiff's applications lacked specific information about the *content* of the sign. *See* ECF 17-1, PgID 145 ("REQUESTED WORDING: Sign to have multi-message faces (e.g. LED)."); ECF 17-2, PgID 147 ("For commercial & non-commercial messages (i.e. 'Support our Troops' & media such a[s] 'Breaking News')." Moreover, whether Daus believes that the American Legion's sole purpose is "to serve veterans beer" does not impact whether Daus violated the First Amendment by denying Plaintiff's application. ECF 17, PgID 135. Thus, Plaintiff failed to allege facts sufficient to raise its right to relief for a First Amendment violation against Daus in his individual capacity above a speculative level.

*B. Fourteenth Amendment Claims.*

The Fourteenth Amendment's Due Process Clause contains both procedural and substantive components. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012). To maintain either a procedural or substantive due process claim, a plaintiff must show that it possessed a constitutionally protected life, liberty, or property interest. *Id.*

Procedural due process requires "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001) (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)). Strict adherence to a municipality's "formal procedure" is not required. *Id.* (quoting *Purisch v. Tenn. Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996)). In other words, a municipality need not "conform[] to each [particular] procedural requirement[]." *Id.*

Substantive due process "is used in a variety of contexts," but only two are relevant here. *Pearson v. City of Grand Blanc*, 961 F.2d 1211, 1216 (6th Cir. 1992). First, local government action implicates substantive due process if it "shocks the conscience." *Id.* at 1217 (citation omitted). But the "'shock the conscience' test in an area other than excessive force . . . is problematic." *Id.* (quoting *Cassady v. Tackett*, 938 F.2d 693, 698 (6th Cir. 1991)). Second, local government conduct "by legislative or administrative action" that is "arbitrary or capricious" violates substantive due process. *Id.* (citation omitted). An administrative action is "arbitrary and capricious" if "there is no rational basis for the . . . [administrative] action." *Id.* at 1221 (quoting *Stevens v. Hunt*, 646 F.2d 1168, 1170 (6th Cir. 1981)).

Plaintiff alleges that Daus violated its procedural and substantive due process rights by delaying approval of its signs and "conniving, in accordance with the discretion afforded him under the [Ordinance], to make up rules and restrictions to delay and defeat the applications." ECF 17, PgID 140. Daus argues that Plaintiff lacks a constitutionally-protected property interest. ECF 20, PgID 280–81. Plaintiff

9

responds by citing cases describing procedural and substantive due process and concluding "[f]or the reasons stated above, Plaintiff has established that it has a constitutionally protected property or liberty interest." ECF 26, PgID 314–16.

Plaintiff failed to carry its burden to show it possessed a constitutionally protected property interest. *Sanderson v. Village of Greenhills*, 726 F.2d 284, 286 (6th Cir. 1984) ("[I]t is incumbent upon [Plaintiff] to prove that he possessed more than mere 'need or desire' for a license, and more than an 'expectation' that he would receive it. [Plaintiff] must show, rather, a 'legitimate claim of *entitlement*[.]'") (emphasis in original) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).

First, constitutionally-protected property interests "stem from an independent source such as state law." *Town of Castle Rock v. Gonzales*, 545 U.S. 758, 756 (2005) (quoting *Paul v. Davis*, 424 U.S. 693, 709 (1976)). Michigan law does not recognize a property interest in an initial permit application. *See, e.g., Bundo v. City of Walled Lake*, 395 Mich. 679, 691–96 (identifying a property interest in the *renewal* of a liquor license, but not extending that finding to the initial application for a liquor license); *Wong v. City of Riverview*, 126 Mich. App. 589, 592 (1983) ("[A] first-time applicant is not even entitled to minimum due process.") (citing *Morse v. Liquor Control Comm'n*, 319 Mich. 52, 66 (1947)); *Wojcik v. City of Romulus*, 257 F.3d 600, 609–10 (6th Cir. 2001) (explaining that first-time applicants for a license or permit "did not have a property interest so as to entitle them to procedural or substantive due process rights in the same way that an existing permit holder might demand").

Michigan law does not recognize a constitutionally-protected interest in an initial sign permit. And Plaintiff neither provides authority to the contrary nor contends otherwise. *See* ECF 26, PgID 314–16.

Second, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." *Town of Castle Rock*, 545 U.S. at 756 (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462–63 (1989)); *see also Med Corp. Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) ("[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary."); *see also Silver v. Franklin Twp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992) (noting that if a zoning board possesses discretion to deny certain land uses, then the plaintiff lacks a constitutionally-protected interest).

Plaintiff repeatedly alleged that Daus possessed substantial discretion when deciding whether to grant a sign permit. *See, e.g.,* ECF 17, PgID 136 (The Ordinance "delegated unfettered discretion without any standards to Defendant Daus to approve or disapprove of signs[.]"), 137 (alleging the Ordinance included "delegation of approval power to the discretion of Defendant Daus . . . without any standards by which to exercise the discretion delegated"). In his discretion, Daus can deny the benefit of a sign permit. Plaintiff therefore does not possess a constitutionally-protected interest in the sign permit for which it applied. Because Plaintiff failed to

11

identify a constitutionally-protected interest to which it was entitled, it failed to state a Fourteenth Amendment procedural or substantive due process claim against Daus.[6]

III. Case Management

Having resolved Daus's motion to dismiss, the Court will enter a separate order requiring the remaining parties to appear for a Rule 16 scheduling conference and to submit a joint discovery plan. After the scheduling conference, the Court will also schedule a status call to discuss the claims and the possibility of private mediation to resolve the dispute.

**WHEREFORE**, it is hereby **ORDERED** that Defendant Joe Daus's motion to dismiss [20] is **GRANTED.**

**IT IS FURTHER ORDERED** that the claims against Defendant Daus in both his official and individual capacities are **DISMISSED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: April 16, 2019

---

[6] Even if the Court were to find that Plaintiff possessed a constitutionally-protected interest, Plaintiff's claims would still fail. First, Plaintiff failed to allege that Daus violated its procedural due process rights. Plaintiff applied, Daus responded to Plaintiff's application, and then, when Plaintiff objected to the denial, Daus provided answers to its questions about which of the Ordinance's sections resulted in the application's denial. ECF 17, PgID 122–23. Daus also communicated with Plaintiff about American Legion's site plan application. *Id.* at 124–26. Then, the Planning Commission held a hearing on the site plan application.

Second, Plaintiff failed to allege that Daus violated its substantive due process rights. Daus's denial does not "shock the conscience." And Daus's denial had a rational basis—he believed Plaintiff's application did not comply with Section 3.11 of the Ordinance. ECF 17, PgID 123.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 16, 2019, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager